G. W. COLE v. COLE'S MANY–USE OIL CO. et al.

(Circuit Court, S. D. New York. July 20, 1906.)

TRADE-MARKS—SUIT FOR INFRINGEMENT—INJUNCTION.

Evidence *held* not to entitle complainant to a permanent injunction against infringement of a trade-mark and unfair competition broader in its terms than a preliminary order which was entered with defendant's consent, and complainant adjudged to pay the costs made since the entry of such order.

In Equity.

James L. Steuart, for complainant.
Archibald Cox and Charles J. McDermott, for defendants.

PLATT, District Judge. This is a bill based upon infringement of a trade-mark and unfair competition in relation to the use of "Three-in-One" oil; the general facts about the article being set forth in G. W. Cole Co. v. Am. Cement & Oil Co., 130 Fed. 703, 65 C. C. A. 105. The complainant in that case has gone through trials and tribulations since then, and the present suit grows out of differences arising among the parties interested. I do not think it is important to set them forth at length. Suffice it to say that Mr. Cole has been forced out of the complainant company, which still tries to retain his personality and influence. Judge Lacombe heard the matter on a motion for preliminary injunction. The defendants then offered to accept an injunctive order restraining them from doing certain things which they admitted ought not to be done. The judge sanctioned such an order, with this addition:

"All other questions raised upon the moving papers are reserved until the final hearing."

We have reached the day of reckoning. The proofs do not appear in any sense to have strengthened the case made upon affidavits, nor to have enlarged the rights of the complainant beyond the points conceded by the defendant at the very start. In fact, it appears that the sources of possible confusion have been stopped by eliminating the wrongful acts which the defendants agreed to cease immediately after notice. The defendants may have offered to give up too much; but, if so, they ought to abide by their offer. They made their own bed, and it is incumbent upon them to occupy it with becoming grace. It appearing that the injunctive order now existing is amply broad, and the matter of costs being a discretionary one, it is clear to me that the complainant must pay all costs which have arisen by reason of its attempt to enlarge the injunctive order by further proof.

Let the order of April 20, 1905, continue in force, with costs to the complainant up to that date, provided, however, that the complainant shall within 30 days pay to the defendants all costs arising since the date of the order referred to. If the matter of costs shall not be adjusted within the time set, then the bill may be dismissed.